UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| Anthony V.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS**<br><br>Case No. 2:25-cv-00898<br><br>Magistrate Judge Daphne A. Oberg |

Anthony V.[1] brought this action for judicial review of the denial of his application for disability insurance benefits.[2] The administrative law judge (ALJ) who addressed his application determined he did not qualify as disabled.[3] Mr. V. argues the ALJ erred by omitting limitations relating to a severe wrist impairment from the residual functional capacity (RFC) assessment.[4] As explained below, the presence of a severe impairment does not require corresponding RFC limitations, and substantial evidence supports the ALJ's findings. Accordingly, the Commissioner's decision is affirmed.[5]

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the plaintiff is referred to by first name and last initial only.

[2] (Compl., Doc. No. 1.)

[3] (Certified Tr. of Admin. R. (Tr.) 17–26, Doc. No. 10.)

[4] (*See* Opening Br. 6, Doc. No. 11.)

[5] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 5.)

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides for judicial review of the Commissioner's final decision. This court reviews the ALJ's decision to determine whether substantial evidence supports his factual findings and whether he applied the correct legal standards.[6] "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."[7]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[8] Although the evidentiary sufficiency threshold for substantial evidence is "not high," it is "more than a mere scintilla."[9] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[11] And the court may not reweigh the evidence or substitute its judgment for that of the ALJ.[12]

---

[6] *See* 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[7] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation omitted).

[8] *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (internal quotation marks omitted).

[9] *Id.* at 103 (citation omitted).

[10] *Id.* (citation omitted).

[11] *Lax*, 489 F.3d at 1084 (citation omitted).

[12] *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

## APPLICABLE LAW

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" expected to result in death or last for at least twelve consecutive months.[13] An individual is considered disabled only if his impairments are so severe, he cannot perform his past work or "any other kind of substantial gainful work."[14]

To determine if a claimant qualifies as disabled, the ALJ uses a five-step sequential evaluation, considering whether:

1) the claimant is engaged in substantial gainful activity;
2) he has a severe medically determinable physical or mental impairment;
3) the impairment is equivalent to an impairment precluding substantial gainful activity (listed in the appendix of the relevant disability regulation);
4) he has the residual functional capacity to perform past relevant work; and
5) he has the residual functional capacity to perform other work, considering his age, education, and work experience.[15]

---

[13] 42 U.S.C. § 423(d)(1)(A).

[14] *Id.* § 423(d)(2)(A).

[15] *See* 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

In the first four steps, the claimant has the burden of establishing disability.[16] And at step five, the Commissioner must show the claimant retains the ability to perform other work in the national economy.[17]

## PROCEDURAL HISTORY

Mr. V. applied for disability insurance benefits under Title II of the Social Security Act.[18] After an administrative hearing,[19] the ALJ issued a decision, denying benefits.[20]

At step two of the sequential evaluation, the ALJ found Mr. V. had the severe impairments of "lumbar and cervical degenerative disc disease, status post cervical fusion," and "denervation at the right wrist."[21] He concluded Mr. V. also had nonsevere impairments of attention deficit/hyperactivity disorder and anxiety disorder.[22] At step three, the ALJ found Mr. V.'s impairments did not meet or medically equal an impairment listing.[23]

The ALJ then determined Mr. V. could perform "light work" with the following limitations: "frequent climbing of ramps, stairs, and ladders; occasional climbing of ropes and scaffolds; frequent stooping, kneeling, crouching, and crawling; and occasional

---

[16] *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

[17] *Id.*

[18] (*See* Tr. 196–97); 42 U.S.C. §§ 401–434.

[19] (*See* Tr. 31–57.)

[20] (Tr. 17–26.)

[21] (Tr. 20.)

[22] (*Id.*)

[23] (Tr. 21.)

overhead reaching bilaterally."[24] At step four, based on this RFC assessment and the testimony of a vocational expert, the ALJ found Mr. V. could perform past work as a "garbage collector/driver."[25] And at step five, the ALJ found Mr. V. could also work in other jobs in the national economy.[26] Accordingly, the ALJ found Mr. V. not disabled and denied his claim.[27] This decision became final when the Appeals Council denied Mr. V.'s request for review.[28]

## ANALYSIS

Mr. V. argues the ALJ erred by omitting limitations relating to his severe wrist impairment from the residual functional capacity assessment.[29] But Mr. V. has not demonstrated error.

A claimant's RFC reflects the most he can do in a work setting considering his limitations.[30] In assessing RFC, the ALJ considers "the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her

---

24 (*Id.*)

25 (Tr. 24–25.)

26 (Tr. 25–26.)

27 (Tr. 26.)

28 (Tr. 1–3.)

29 (*See* Opening Br. 6, Doc. No. 11.)

30 *See* 20 C.F.R. § 404.1545(a)(1); SSR 96-8p, 1996 SSR LEXIS 5, at *1–2 (July 2, 1996).

capacity to do work-related physical and mental activities."[31] The ALJ considers all relevant evidence in the record.[32]

Mr. V. argues that because the ALJ found his "denervation at the right wrist" to be a severe impairment, the ALJ had to include limitations relating to this impairment in the RFC.[33] As Mr. V. notes, under the governing regulations, a severe impairment "significantly limit[s]" a claimant's "ability to do basic work activities."[34] According to Mr. V., the ALJ's failure to include limitations relating to his wrist impairment in the RFC was legal error.[35]

This is incorrect. The ALJ's omission of limitations relating to Mr. V.'s wrist impairment from the RFC was not legally erroneous. In *McAnally v. Astrue*,[36] the Tenth Circuit found no error in an RFC assessment that did not include limitations relating to several severe impairments.[37] Among other things, the court explained the claimant "[did] not identify any functional limitations that should have been included in the RFC [assessment] or discuss any evidence that would support the inclusion of any

[31] SSR 96-8p, 1996 SSR LEXIS 5, at *5.

[32] *See* 20 C.F.R. § 404.1545(a)(3).

[33] (*See* Opening Br. 6, Doc. No. 11.)

[34] 20 C.F.R. § 404.1522(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").

[35] (*See* Opening Br. 6, 8–9, Doc. No. 11; Reply 3, Doc. No. 18.)

[36] 241 F. App'x 515 (10th Cir. 2007) (unpublished).

[37] *Id.* at 518.

limitations."[38] And numerous courts have concluded that severe impairments do not require corresponding limitations in the RFC.[39] Instead, the RFC "need only include such limitations as the medical record substantially supports."[40] Mr. V. cites no contrary authority finding legal error in this circumstance. Accordingly, the ALJ's finding of a severe wrist impairment did not require corresponding limitations in the RFC.

Mr. V. argues the ALJ should have included limitations regarding his "ability to reach forward, handle, or finger."[41] But Mr. V. cites no medical evidence supporting these limitations. Even after the Commissioner pointed out Mr. V.'s lack of identified record support for these limitations,[42] Mr. V. failed to cite *any* record evidence in his

---

[38] *Id.* (second alteration in original) (citation omitted).

[39] *See, e.g.*, *Bradley v. Berryhill*, No. CIV-16-1360, 2017 U.S. Dist. LEXIS 195004, at *18 (W.D. Okla. Nov. 28, 2017) (unpublished) ("[T]he presence of an impairment, albeit severe, does not necessarily equate to corresponding limitations in the RFC."); *Cavalier v. Colvin*, No. 13-CV-651, 2014 U.S. Dist. LEXIS 178296, at *5 (N.D. Okla. Dec. 30, 2014) (unpublished) ("The finding the impairments are severe does not address the degree of work-related functional limitations resulting from the impairments. An ALJ does not err by failing to match each step two impairment to a work-related limitation in the RFC."); *Franklin v. Astrue*, No. 10-cv-02532, 2012 U.S. Dist. LEXIS 43299, at *9–10 (D. Colo. Mar. 28, 2012) (unpublished) ("Simply because plaintiff established a severe impairment, which only requires a de minimis showing of impairment, does not *necessarily* require that the ALJ conclude that the impairment materially erodes plaintiff's RFC." (internal quotation marks and citations omitted)); *see also Stacy L. v. Bisignano*, No. CIV-25-906, 2026 U.S. Dist. LEXIS 65814, at *7 (W.D. Okla. Mar. 27, 2026) (unpublished) ("The ALJ did not have to impose any limitations in the RFC [relating to a severe impairment] unless the record bore out those limitations.").

[40] *Bradley*, 2017 U.S. Dist. LEXIS 195004, at *18 (citing *Kirkpatrick v. Colvin*, 663 F. App'x. 646, 650 (10th Cir. 2016) (unpublished)).

[41] (Opening Br. 8, Doc. No. 11.)

[42] (*See* Comm'r's Br. 7–8, Doc. No. 17.)

reply (instead relying solely on his "legal error" argument).[43] Where Mr. V. does not identify any evidence supporting the limitations he argues the ALJ should have included in the RFC, he has not shown the ALJ erred in omitting these limitations.[44]

Although not expressly identified as a separate contention of error, Mr. V. also argues the ALJ erred in finding he performed his past work at a "light" exertional level.[45] But any error in the ALJ's step four finding was harmless, where the ALJ also found, at step five, that Mr. V. could perform other work in the national economy.[46]

## CONCLUSION

The Commissioner's decision is affirmed.

DATED this 4th day of September, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[43] (*See* Reply, Doc. No. 18.)

[44] *See McAnally*, 241 F. App'x at 518; *see also Kirkpatrick*, 663 F. App'x. at 650 ("Clearly, an ALJ doesn't commit error by omitting limitations not supported by the record.").

[45] (Opening Br. 11–12, Doc. No. 11.)

[46] *See Murrell v. Shalala*, 43 F.3d 1388, 1390 (10th Cir. 1994) ("Since the unchallenged step-five finding is, by itself, a sufficient basis for the denial of benefits, plaintiff's success on appeal is foreclosed—regardless of the merit of his arguments relating to step four.").